#1360244    1030-20373

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVE CHERAMIE, JR.** | **CIVIL ACTION NO. 2:18-cv-05149** |
| **VERSUS** | **SECTION G:** <br> **DISTRICT JUDGE** |
| **REC MARINE LOGISTICS, LLC,** <br> **COX OIL OFFSHORE, LLC AND** <br> **COUVILLION BARGE LINE, LLC** | **NANNETTE JOLIVETTE BROWN** <br><br> **DIVISION 5:** <br> **MAGISTRATE JUDGE** <br> **MICHAEL B. NORTH** |

## REC MARINE LOGISTICS, LLC AND COX OIL OFFSHORE, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND AMENDED COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come defendants, REC Marine Logistics, LLC ("REC Marine") and Cox Oil Offshore, LLC ("Cox Oil")(hereinafter sometimes collectively referred to as "defendants"), who hereby file this Answer to the Seaman's Complaint for Damages ("Complaint") and First Supplemental and Amended Complaint ("Amended Complaint") of Steve Cheramie, Jr. ("plaintiff"), and respectfully aver as follows:

### FIRST DEFENSE

The Complaint and Amended Complaint fail to state a claim against defendants upon which relief can be granted.

### SECOND DEFENSE

Defendants aver that plaintiff's claims are barred by the applicable statute of limitations and/or prescription and/or laches.

## **THIRD DEFENSE**

AND NOW, in response to the specific allegations of plaintiff's Complaint and Amended Complaint, REC Marine and Cox Oil aver as follows:

## **ANSWER TO COMPLAINT**

I.

The allegations contained in Paragraph I of the Complaint are denied.

II.

The allegations contained in Paragraph II of the Complaint are denied.

III.

The allegations contained in Paragraph III of the Complaint do not pertain to defendants, and require no response on their part. To the extent a response is deemed necessary, the allegations contained in Paragraph III of the Complaint are denied for lack of sufficient information to justify a belief therein.

IV.

The allegations contained in Paragraph IV of the Complaint state conclusions of law which require no response on the part of defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph IV of the Complaint are denied for lack of sufficient information to justify a belief therein.

V.

It is admitted that plaintiff was employed by REC Marine on or about January 31, 2018, onboard the M/V ELDA A. The remainder of the allegations contained in Paragraph V of the Complaint state conclusions of law which require no response on the part of defendants. To the

extent a response is deemed necessary, the remaining allegations are denied for lack of sufficient information to justify a belief therein.

VI.

It is admitted that REC Marine is the operator of the M/V ELDA A, which at the time of the incident was a vessel in navigation. The remainder of the allegations contained in Paragraph VI of the Complaint are denied for lack of sufficient information to justify a belief therein.

VII.

The allegations contained in Paragraph VII of the Complaint are denied. Upon information and belief, the barge COUVI 11 (incorrectly identified as the COUVI II) was at all pertinent times owned by Couvillion Equipment, LLC, and bareboat chartered to GOL, LLC, an affiliate of REC Marine.

VIII.

The allegations contained in Paragraph VIII of the Complaint are denied.

IX.

The allegations contained in Paragraph IX of the Complaint, including all subparts, are denied to the extent that they pertain to REC Marine and/or Cox Oil. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

X.

The allegations contained in Paragraph X of the Complaint are denied to the extent that they pertain to REC Marine and/or Cox Oil. To the extent that the allegations pertain to any other party, such are denied for lack of sufficient information to justify a belief therein.

XI.

The allegations contained in Paragraph XI of the Complaint are denied.

XII.

The allegations contained in Paragraph XII of the Complaint are denied.

XIII.

The allegations contained in Paragraph XIII of the Complaint are denied.

XIV.

The allegations contained in Paragraph XIV of the Complaint are denied.

XV.

The allegations contained in Paragraph XV of the Complaint require no response on the part of defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph XV of the Complaint are denied for lack of sufficient information to justify a belief therein.

## **ANSWER TO AMENDED COMPLAINT**

I.

The allegations contained in Paragraph 1 of the Amended Complaint simply seek to amend plaintiff's original Complaint to reflect the correct spelling of his name, and therefore require no response on the part of defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph 1 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

II.

The allegations contained in Paragraph 2 of the Amended Complaint simply seek to amend plaintiff's original Complaint to reflect the correct spelling of his name, and therefore require no response on the part of defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph 2 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

III.

In response to the allegations of Paragraph 3 of the Amended Complaint, defendants re-allege and re-aver all answers set forth in their Answer to plaintiff's Complaint as set forth above.

IV.

The allegations contained in Paragraph 4 of the Amended Complaint require no response on the part of defendants. To the extent a response is deemed necessary, the allegations contained in Paragraph 4 of the Amended Complaint are denied for lack of sufficient information to justify a belief therein.

**FOURTH DEFENSE**

**AND NOW**, further answering the plaintiff's Complaint and Amended Complaint, Defendants deny the allegations of any unnumbered or misnumbered paragraphs, as well as any other allegations of the Complaint or Amended Complaint which have not already been addressed, including the Prayers for Relief.

**FIFTH DEFENSE**

While at all times specifically denying any and all fault, negligence and/or responsibility, Defendants allege and aver that any injuries allegedly sustained by the plaintiff were solely and

proximately caused by the plaintiff's own fault, negligence and/or assumption of risk, and recovery is defeated or mitigated.

### SIXTH DEFENSE

In the alternative, Defendants aver that the matter made the basis of this lawsuit and any damages allegedly suffered by the plaintiff were caused in whole or in part by the fault, acts, negligence and/or omissions of a third party or parties over whom Defendants exercised no control or supervision and for whom Defendants have no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that plaintiff is entitled to recover from Defendants, which is denied, plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third parties.

### SEVENTH DEFENSE

In the further alternative, and only in the event that plaintiff establishes liability on the part of Defendants or any other party for whom they would be responsible, which is specifically denied, Defendants aver that the plaintiff was contributorily and comparatively negligent and recovery is defeated or mitigated.

### EIGHTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

### NINTH DEFENSE

Defendants aver that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendants or any other person, party, or entity for which Defendants would be responsible, were not responsible.

**TENTH DEFENSE**

Plaintiff's present and/or prospective medical, physical and/or mental condition(s) are not the result of any accident or incidents as described in plaintiff's Complaint or Amended Complaint, but rather pre-existed or occurred prior to, or subsequent to, the alleged accident described in the Complaint and Amended Complaint.

**ELEVENTH DEFENSE**

Defendants aver that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWELFTH DEFENSE**

Defendants aver that the plaintiff has failed to mitigate any damages he may have sustained, and his recovery is therefore defeated or mitigated.

**THIRTEENTH DEFENSE**

REC Marine avers that any vessels owned, operated, controlled and/or chartered by REC Marine were at all pertinent times seaworthy and fit for the service in which they were engaged. While Cox Oil denies that it owned, operated, controlled or chartered any vessels involved in the alleged accident of plaintiff, should the Court find otherwise, Cox Oil avers that any such vessels were at all pertinent times seaworthy and fit for the service in which they were engaged.

**FOURTEENTH DEFENSE**

REC Marine alleges and avers that it is entitled to exoneration from or limitation of liability under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.,* should it be held liable unto plaintiff in any regard, which is specifically denied. REC Marine in no way waives its right to pursue exoneration or limitation of liability in any subsequent proceeding in this or any other court of competent jurisdiction and venue. While Cox

7

Oil denies that it owned, operated, controlled or chartered any vessels involved in the alleged accident of plaintiff, should the Court find otherwise, Cox Oil likewise pleads the benefits and protections of the Limitation of Vessel Owner's Liability Act as set forth above.

## FIFTEENTH DEFENSE

While at all times denying any negligence or fault, Defendants aver that any claim for punitive damages based on the alleged unseaworthiness of a vessel is barred by the U.S. Fifth Circuit's decision in *McBride v. Estis Well Serv., LLC,* 768 F.3d 382 (5th Cir. 2014).

## SIXTEENTH DEFENSE

Defendants reserve the right to amend and/or supplement this Answer as necessary.

**WHEREFORE**, REC Marine Logistics, LLC and Cox Oil Offshore, LLC, pray that this, their Answer, be deemed good and sufficient and that after due proceedings are had, that this Court issue judgment in REC Marine and Cox Oil's favor and against plaintiff, dismissing plaintiff's Complaint and Amended Complaint at his cost, and that REC Marine Logistics, LLC and Cox Oil Offshore, LLC be granted such other and further relief as equity and justice of the cause may require and permit.

Respectfully submitted,

**/s/ *Kyle A. Khoury***
Salvador J. Pusateri, T.A. (#21036)
Kyle A. Khoury (#33216)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com

Kyle.Khoury@pjgglaw.com
**ATTORNEYS FOR REC MARINE LOGISTICS, LLC AND COX OIL OFFSHORE, LLC**

### **CERTIFICATE OF SERVICE**

  I hereby certify that on this 13th day of August, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Kyle A. Khoury*